# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| ZACHARY RYAN SNOW and § <br> SANDRA ANN CHRISMON § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA § | NO. 4:10-cv-319 |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On March 18, 2011, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendants United States Marine Corps, Sgt. Compton, and Sgt. Esquibel's Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1) (Dkt. #11) be granted in part and that Plaintiffs be allowed fourteen days to amend their complaint.

On April 1, 2011, Defendant United States of America filed its objections to the Magistrate Judge's report and recommendation. Defendant objects to the Magistrate Judge's application of the *Feres* doctrine. Specifically, Defendant objects to the weight given the nature of the activity being performed, the availability of government benefits, and intrusion into military judgments and decisions.

The Court has considered Defendant's objections and Plaintiff's response and made a *de novo* review of the Magistrate Judge's report and recommendation. The report and recommendation gave adequate, but no more than appropriate, deference to the availability of government benefits. The

report relied on the existence of benefits to distinguish some cases, but ultimately considered it only somewhat relevant to the determination of whether Snow's injury was incident to service. More important was the nature of Snow's duty status and the character of the Delayed Entry Program. Although Snow was a member of the Marine Corps Reserve, he did not receive the benefits or privileges, was not subject to the discipline, did not owe the duties, and did not have the responsibilities normally expected of a reservist. Additionally, although one aspect of the Delayed Entry Program's mission is to train and prepare poolees for basic training, other aspects of the program's mission include generating recruitment leads and socializing poolees and their families. Therefore, the Court finds that the Magistrate Judge gave proper weight to the *Parker* and *Feres* factors and correctly determined that the *Feres* doctrine was inapplicable given the facts and circumstances of this case.

It is, therefore, **ORDERED** that Defendant's objections are overruled and Defendants United States Marine Corps, Sgt. Compton, and Sgt. Esquibel's Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1) (Dkt. #11) is GRANTED IN PART, and Defendants United States Marine Corps, Sgt. Compton, and Sgt. Esquibel are dismissed. Plaintiffs have already filed an Amended Complaint adding the United States as a Defendant, in accordance with the Report and Recommendation.

**It is SO ORDERED.**

**SIGNED this 27th day of April, 2011.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE