IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ZACHARY RYAN SNOW and | § | |
| SANDRA ANN CHRISMON | § | |
| | § | |
| V. | § | CASE NO. 4:10-CV-00319 |
| | § | (Judge Clark/Judge Mazzant) |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On March 13, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction [doc. #58] be granted.

Zachary Ryan Snow and Sandra Ann Chrismon filed their complaint for negligence under the Federal Tort Claims Act, asserting Defendant negligently caused injuries to Snow during his participation in the United States Marine Corps' delayed-entry program. Defendant filed a motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction [doc. #58]. Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Plaintiffs [doc. #69], this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes the objections are without merit.

Plaintiffs object to the Magistrate Judge's finding that the neither MCO 6200.1E, nor MCO 3500.27B "require a specific course of action," but "[r]ather, the recruiters were allowed to exercise discretion as to the performance of the training activity itself, under the guidelines set out by these orders" [doc. #69 at 1-2]. Plaintiffs contend that the both MCO 6200.1E and MCO 3500.27B impose a mandatory course of action on the United States Marine Corps recruiters conducting the training session. Plaintiffs argue that the Fifth Circuit's decision in *Garza v. United States*, 161 F. App'x 341 (5th Cir. 2005), is instructive. In *Garza*, the Fifth Circuit interpreted a prison post order instruction and found that the instruction prescribed a set course of action for the post guard on duty to follow in order to maintain order and safety during a shift. *Id*. at 344. Particularly, the Fifth Circuit considered the instruction that the post guard "will patrol the recreation yard" as giving a specific, non-discretionary directive. *Id*. In addition to the language above, the Fifth Circuit considered a note appended to the orders that stated:

> These post orders are issued as a guideline for the officers assigned to this post, and are not intended to describe in detail all of the officers [sic] responsibilities. Good judgement [sic] and initiative are expected in all situations.

*Id*. The Fifth Circuit found that this note did not infuse the order with the element of discretion necessary to invoke the discretionary function exception, and held, "When the Government sets forth extraordinarily detailed instructions... that would otherwise fall outside the discretionary function exception, it should not be allowed to sweep these directives back under the shield by inserting a general 'disclaimer'". *Id*. at 345.

However, the orders in this case do not contain the same amount of specificity in instructions that was provided in the post orders in *Garza*. It is clear that the orders apply to Marine Corps activities; however, the order states, "The intent of the order is to provide commanders appropriate

guidance and tools to plan and execute physical training and essential activities during increased heat index conditions" [doc. #61-1 at 1852]. Further, MCO 6200.1E describes heat injuries, discusses treatment and prevention of heat related injuries, informs of modifications for individuals with specific health conditions, and the effects of proper clothing [doc. #61-1, Enclosure 1 at 1853-1860]. In addition, MCO 6200.1E, Enclosure 2 gives an "Example of SOP on Unit Physical Training and Operations in Hot Environments" [doc. #61-1, Enclosure 2 at 1861]. Finally, Enclosure 3 and 4 describe the Wet-Bulb Globe Temperature Index System and the Heat Condition Flag Warning System [doc. #61-1 at 1862-1867]. The order does not specify any required actions, and specifically subjects the activities to the discretion of the officers under the guidelines suggested in the order. MCO 3500.27B is clearly a risk management tool or "decision making tool used by personnel at all levels to increase operational effectiveness" [doc. #61-1 at 1871]. Again, unlike the orders given in *Garza*, there are no specific actions required of the recruiters.

      Finally, Plaintiffs also object to the Magistrate Judge's finding that the discretionary acts at issue in this case are the type that the discretionary function exception was designed to protect. Plaintiffs contend that the competing interests of the safety of the poolees and the enlistment quotas of the recruiter are not public policy interests. However, this interpretation misstates the findings of the Magistrate Judge. The Magistrate Judge found that the decisions balanced the "safety of the poolees with the necessity of conserving scarce military resources, the need to prepare young men and women to succeed in boot camp, reduce attrition rates, and make better Marines." [Doc. #65 at 7]. Further, Plaintiffs cite *Garza* for the proposition that these are not proper public policy considerations; however, in *Garza*, the Fifth Circuit found that the discretionary function exception protected decisions made to the balance between the safety of the public and prisoners and the need

to permit prisoner interaction and socialization from judicial scrutiny. *Garza*, 161 F. App'x at 346. In addition, Plaintiffs failed to make any argument regarding competing public policy interests, or lack thereof, in their submitted response. Therefore, the court finds that Plaintiffs' objections are without merit.

Plaintiffs request leave to file a supplemental response to the motion to dismiss. However, this is not the appropriate way to ask the court for leave to supplement. Further, the court will not consider any evidence not previously considered by the Magistrate Judge in his Report and Recommendation.

It is, therefore, **ORDERED** that Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction [doc. #58], is **GRANTED**, and Plaintiffs' claims against the United States are dismissed with prejudice. The Clerk is directed to **CLOSE** this civil action. All motions by either party not previously ruled on are hereby **DENIED**. This is a final judgment disposing of all claims and parties.

So **ORDERED** and **SIGNED** this **4** day of **April, 2012.**

_____
Ron Clark, United States District Judge